# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HOWELL v. COMMONWEALTH.

| 86 | 817 |
| 91 | 746 |

APRIL 10th, 1890.

CRIMINAL PROCEEDINGS — *Capital offense—Arraignment—Circuit court—Case at bar.*—Prisoner indicted for murder, on arraignment elected to be tried in circuit court, and was produced therein, but the record had not been certified, and he moved to be remanded to the county court for trial. The circuit court examined the uncertified record before it, held there was error apparent therein in that the county court had refused to hear prisoner's motion for a continuance before his arraignment and remanded the case. When afterwards prisoner objected to trial in the county court because he had upon his arraignment elected to be tried in the circuit court, but this objection being overruled, the trial proceeded : *held*, after election to be tried in circuit court, it alone had jurisdiction to try him, but it could not do so, without a certified record of the case, but it had no jurisdiction to correct errors of court below. And so, prisoner has not been lawfully tried.

Error to judgment of circuit court of Floyd county affirming judgment of county court of that county rendered July 9, 1889, sentencing the plaintiff in error, John Howell, to confinement in the penitentiary for a term of nine years for the murder in the second degree of Henry Smith. Opinion states the case.

*A. A. Phlegar*, for the plaintiff in error.

*Attorney-General R. T. Scott*, for the commonwealth.

LACY, J., delivered the opinion of the court.
VOL. LXXXVI—103

At the December term of the county court of Floyd (1888) the plaintiff in error was indicted for the murder of one Henry Smith; and Hundley Howell, the father of John Howell, the plaintiff in error, was at the same time indicted for felonious assault upon the said Henry Smith. At the January term of the said court (1889) the said indictments were disposed of by *nolle prosequi,* by leave of the court, and the parties, John and Hundley Howell, jointly indicted for murder. The parties were arrested, and at the calling of the case at the February term next succeeding, the accused moved a continuance on account of the absence of their witnesses, but the court refused to entertain this motion until after their arraignment, and they excepted. Upon their arraignment they elected to be tried in the circuit court of the said county. At the May term (1889) of the said circuit court the said parties were produced before the said court, but the cause and copies of the indictment and proceedings in the said county court had never been certified to the said circuit court. However, the court considered and acted upon uncertified copies of the same informally produced before it, whereupon the following order was entered in the said circuit court: " The prisoners this day being brought into court, before pleading, moved the court to remand them to the county court of Floyd county, and alleged as causes to sustain their motion, various errors committed by the said county court, with their several bills of exceptions, as part of said record; and this court being of opinion that there are errors in the judgment of the said county court in refusing to allow the prisoners the right to make their motion for a continuance before their arraignment, though the court perceives no other errors, yet for this error it is ordered that the motion of the prisoners be sustained. And it is ordered that the prisoners be remanded to the county court of Floyd county for further proceedings on said indictment to be had thereon in conformity with the order; and by consent of prisoners and the attorney for the commonwealth, the witnesses for the commonwealth,

with the witnesses for the prisoners, who have been recognized
to this court, were recognized to appear on the first day of the
July term (1889) of Floyd county court. And the prisoners
were remanded to jail for safe-keeping." At the July term
(1889) of the said county court, the said parties were again
brought before that court, but they objected to the trial of their
case in that court because they had elected to be tried in the
circuit court of said county upon their arraignment in the said
county court, and the record and proceedings had never been
certified to the circuit court as required by law; but the county
court overruled their objection, and proceeded with the trial,
and the prisoners excepted. The accused thereupon demurred
to the indictment, which demurrer the court overruled. The
said parties thereupon elected to be tried separately, and the
attorney for the commonwealth elected to put the plaintiff in
error on trial first; whereupon he pleaded not guilty, and the
trial proceeded. And upon the trial the said plaintiff in error
was found guilty of murder in the second degree, and the jury
ascertained the period of his confinement in the penitentiary
at nine years. The plaintiff in error moved to set aside the
verdict for uncertainty, and that the verdict was not warranted
by the law and the evidence, which motion the court over-
ruled, and the accused excepted. Whereupon the said plain-
tiff in error moved in arrest of judgment, because the said
county court was without jurisdiction to try the case, the same
having been sent to the circuit court upon his election, and the
proceedings and record in the county court had never been cer-
tified to the said circuit court as the law required; which
motions the county court overruled, and rendered judgment in
accordance with the verdict. Whereupon the accused applied
for and obtained a writ of error to the circuit court of Floyd
county, when the said judgment of the county court was
affirmed, and the case was then brought to this court by writ
of error.

The first assignment of error to be considered is as to the

jurisdiction of the trial court. Upon his arraignment in the county court the accused had elected to be tried in the circuit court having jurisdiction over the county for which the said county court is held; and his contention is that upon such election the jurisdiction of the county court over his case ceased and determined, and jurisdiction was thus vested in the circuit court of the said county, which court alone was thereafter competent to try the case. The law provides that "the county courts, except where otherwise provided, shall have exclusive original jurisdiction for the trial of all presentments, indictments, and informations for offenses committed within their respective counties, and also of all presentments, indictments, and informations now pending in said courts, except that a person to be tried for any felony for which he may be punished with death, may, upon his arraignment in the county court, demand to be tried in the circuit court having jurisdiction over the county for which said county court is held. Upon such demand the accused shall be remanded for trial in the said circuit court, and all the material witnesses desired for the prosecution or defense shall be recognized for their attendance at such trial. When a person is remanded as aforesaid by a county court, the clerk thereof shall certify and transmit to the clerk of the court in which such person is to be tried, a transcript of the record of the proceedings in said county court in relation to the prosecution, and copies of the indictment and recognizances and other papers connected with the case. Such transcripts and copies shall be used with the same effect as the originals." Sec. 4016, Code Va.

It is clear that the circuit court was alone vested with any jurisdiction to try the case after the demand of the accused, duly made as provided by law, to be tried in that court. It is equally true that, under the authority of *Anderson* v. *Com.*, 84 Va., 87, the county court erred in its action in requiring the accused to make their election before the court would consider the motion to continue the case for any cause.

When, however, this case reached the circuit court, upon such demand lawfully made, it was there, as a court of original jurisdiction, to be tried, not for the correction of errors, but the circuit court could only so try the case upon duly certified copies of the indictment and proceedings. The case was not triable in that court except in the mode prescribed by law. That court could only know that the accused was charged with murder by the method prescribed by the law. The case was not properly before the circuit court for trial, and, perceiving this, that court proceeded, as an appellate tribunal, to consider the errors discoverable in the informal proceeding presented to it, and reversed the said county court and remanded the case to that court by the order above recited. There was no warrant in the law for this. The jurisdiction of the county court had ended in the case, and if the case was not properly before the circuit court, its obvious course was, by the proper method, to cause the record to be certified up as the law directed. But this that court altogether neglected, and proceeded, in advance of the lawful presentation of the case in that court, to consider supposed errors in the county court when none were assigned, there having been no trial in the county court, no trial in any court, and no final judgment upon which any supposed writ of error could operate. This was plainly erroneous, because the case was not before that court, and could not be, except by authority of law; and the law conferred this upon the copies duly certified of the indictment and other proceedings in the county court. The case against the accused could be made to appear by the record alone. *Cawood's case*, 2 Va. Cas., 527. The omission to certify these records was not merely a clerical, but a judicial error. *Id.* But, if properly before that court, it was there, as we have said, as a court of original, not appellate, jurisdiction. The order of the circuit court, reversing and remanding the case, was a nullity, and by it the county court acquired no jurisdiction of the case, and had no authority to try it. The jurisdiction of that court is conferred by law,

and it has only what the law confers. Without lawful authority it cannot act, either to punish or to acquit. It is not a mere technicality, but matter of essential substance, and if a rigid adherence to the forms prescribed by law serves to impede the rapidity of the cause of justice, it cannot lawfully be departed from. If this impedes the punishment in one instance, in some other it is the protection of the innocent. As is said by Blackstone: "Delays and little inconveniences in the forms of justice are the price that all free nations must pay for their liberty in more substantial matters." 4 Bl. Comm., 350. To quote the language of an eminent judge: "If it be said that by the result of this opinion the defendant may escape from the charge of a serious offense, of which, if guilty, he is justly obnoxious to a heavy punishment, the answer is that the safety of the community consists in a steadfast adherence to rule and principle, especially in criminal cases, even if at times á guilty individual should thereby escape." Ewing, C. J., in *State* v. *Jones*, 11 N. J. Law, 289.

In this case the accused has not been lawfully tried, and the case will be remanded to the circuit court for a new trial to be had in that court upon a properly certified copy of the proceedings in the county court according to law. The judgment complained of being erroneous, the same will be reversed and annulled, and the case remanded to the said circuit court, to be there docketed and duly tried as the law directs.

JUDGMENT REVERSED.